UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Diane Marie WILLIAMS,<br>    Plaintiff;<br><br>    v.<br><br>United States of America,<br>    Defendant. | No. 4:10-cv-02542 |

PLAINTIFF'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court having considered the pleadings, testimony and evidence submitted at trial, finds as follows:

1. This civil action was filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq.* against the United States for alleged acts or omissions of the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE) agents. Although named, the Public Health Service has been dismissed as a party. (See Dkt. 20, Memorandum Opinion and Order, 02/14/2012).

2. The evidence proves that Plaintiff was detained in ICE custody in Harris County, Texas, on suspicion of being a Honduran citizen. That she denied being a Honduran citizen and asserted that she was

in fact a United States citizen. That after initially refusing to sign a document alleging Honduran citizenship, she eventually did sign due to duress and coercion by ICE agents. She was then deported to Honduras. With the assistance of the American Embassy, the Plaintiff was issued a United States passport and returned to the United States.

3. The Plaintiff was initially interviewed by ICE Agent Tak Wong at the ICE contract detention center on Greens Road, in Houston, Texas. At that time Agent Wong accused the Plaintiff of being a citizen of Honduras and of not being a citizen of the United States. The Plaintiff denied those allegations, claimed to be a United States citizen, and refused to sign any statements or declarations otherwise. She was threatened with jail time and inevitable deportation if she did not sign.

4. The Plaintiff was then interviewed by ICE Agent Rolando Jimenez. At that time Agent Wong accused the Plaintiff of being a citizen of Honduras and of not being a citizen of the United States. The Plaintiff denied those allegations, claimed to be a United States citizen, and refused to sign any statements or declarations otherwise. She was threatened with jail time and inevitable deportation if she did not sign.

5. At no time was the Plaintiff advised of her right to counsel or the availability of same.

6. On the night of January 23, 2009, the Plaintiff was woken and taken out of her dorm. She was surrounded by ICE Agents, one of whom may have been Agent Jimenez. She was told that she would be jailed and inevitably deported if she did not sign an order admitting

Honduran citizenship, which had been completed before it was presented to her. Out of fear and under duress she signed the statement.

7. The Plaintiff provided the names and contact information of her relatives to ICE Agent Rolando Jimenez, so that he could confirm her identity. ICE Agent Jimenez refused to investigate her claims.

8. At no time was the Plaintiff interviewed by the Honduran Consulate in person regarding her alleged Honduran nationality.

9. Prior to her deportation, the Plaintiff met attorney Vinh Ho, who was conducting a legal orientation program for detainees, and told him of her United States citizenship and of the refusal of ICE agents to take her claim seriously.

10. On February 9, 2009, the Plaintiff was physically deported by plane to Honduras by Defendants.

11. On March 31, 2009, the Plaintiff returned to the United States by means of a U.S. passport issued by the United Embassy in Honduras.

12. On or about June 30, 2009, the Department of Homeland Security was served with an administrative tort claim on behalf of the Plaintiff. The Administrative Claim alleged acts occurring on January 18, 2009. On January 25, 2010, DHS denied the administrative claim and advised Plaintiff of her right to file suit within six months of the date of the denial letter, or by July 25, 2010. Plaintiff's Original Complaint was timely filed on July 17, 2010.

## CONCLUSIONS OF LAW

1. Under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), 2671 *et seq.*, the United States waives sovereign immunity, "for injury

or loss of property, personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting in the scope of his office or employment. 28 U.S.C. § 1346(b). Congress has waived sovereign immunity for claims "arising…out of assault, battery, false imprisonment, false arrest" by law enforcement officers. 28 U.S.C. § 2680(h). A law enforcement officer is defined as, "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal Law. 28 U.S.C. § 2680(h). ICE agents are "law enforcement officers" within the meaning of 28 U.S.C. § 2680(h). Finally, liability is determined by the law of the place where the tort occurred. 28 U.S.C. § 1346(b); *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). Texas law governs this case.

2. The Complaint alleges that the actions or omissions of the Defendants constituted negligence. The evidence shows that no investigation of the Plaintiff's repeated claims to United States citizenship were conducted by the Defendants, in spite of being provided names and contact information of the Plaintiff's family members and acquaintances. Those actions and omissions were negligent as it is the burden of the Defendants to establish the alienage of any suspected alien prior to deportation from the United States. *Matter of Guevara*, 20 I&N Dec. 238 (BIA 1991).

3. The Plaintiff was falsely imprisoned by Defendants as she was 1) willfully detained; 2) without the Plaintiff's consent; and 3) without authority of law. *Pete v. Metcalfe*, 8 F.3d 214, 218-219 (5th Cir. 1993)(citing *Sears, Roebuck & Co. v. Castillo*, 693 S.W. 2d 374, 375 (Tex.1985); *Garza v. United States*, 881 F.Supp. 1103, 1107 (S.D.

4

Tex. 1995). The Plaintiff was detained by Defendants on January 18, 2009, when she was seized and taken to a detention facility operated under contract for ICE. From the moment of her first encounter with ICE Agent Tak Wong, the Plaintiff asserted her status as a United States citizen. Her continuing detention from that moment until her deportation to Honduras, including her delayed return to the United States on March 31, 2009, constitutes false imprisonment as she was effectively restrained and prevented from returning to the United States by the actions of the Defendants. *Martinez v. Goodyear Tire & Rubber Co.*, 651 S.W.2d 18, 20 (Tex. App.-San Antonio 1983, no writ).

4. The Plaintiff has established that: 1) defendants acted intentionally and recklessly by refusing to investigate her claims of United States citizenship and, with the full knowledge of that uninvestigated claim; and, 2) threatened the Plaintiff with indefinite detention and inevitable expulsion from the United States, deprived her of sleep, denied her information regarding access to counsel required by federal regulation[1], and ultimately deported her by force to a country to which she had never been; and, 3) by their actions caused the Plaintiff severe emotional distress. That agents of the United States government would detain a person claiming to be a citizen, refuse to investigate her claims to citizenship, threaten her with indefinite detention, and ultimately expel her by force from her native land to one in which she knew no one nor had any rights to the protection thereof, has exceeded "all possible bounds of decency and [may] be regarded as atrocious and utterly intolerable in a civilized society." *Garza v.*

---

[1] 8 CFR 238.1(b)(2)(iv).

*United States*, 881 F.Supp. 1103, 1107 (S.D. Tex 1995)(internal citations omitted).

5. The Plaintiff was the subject of an administrative prosecution by Defendants, which has been terminated in the Plaintiff's favor by subsequent investigation and her readmission to the United States as a United States citizen. See Plaintiff's Ex. 6. Plaintiff at no time ever made any claims to Honduran nationality and maintained from the moment of her detention by Defendants that she was a United States citizen. See Plaintiff's Ex. 1, 2 and 3. Defendants have made no showing of any evidence to support their accusation that Plaintiff was a citizen of Honduras. No Honduran birth certificate or other such document establishing Honduran nationality has been proffered by Defendants because no such documents exist. Defendants' agents repetition of Plaintiff's criminal record is evidence of malice and ulterior motive in prosecuting the Plaintiff in administrative removal proceedings.

6. The Plaintiff was subject to a legal proceeding for which the Defendants had no subject matter jurisdiction over her as a citizen of the United States. The Defendants frequent repetition of her criminal record in their defense of this suit and in their unlawful detention and removal of her from the United States is evidence of an ulterior motive behind their actions. The Plaintiff has suffered severe damage emotionally and psychologically by her unlawful detention and expulsion from the United States.

7. Based on the facts and evidence provided, the Court finds the law and evidence to be in favor of the Plaintiff and against the Defendant, and

grants her complaint with damages assessed according to the Administrative Complaint filed by the Plaintiff.

This _____ day of March 2012.

_____
Kenneth M. Hoyt
United States District Judge

Respectfully submitted,

/s/Lawrence E. Rushton
Attorney in Charge
The Rushton Law Firm
Counsel for Plaintiff
Texas Bar No. 24037411
5909 West Loop South, Ste. 150
Bellaire, Texas   77401
(713)838-8500
(713)838-9826 Fax
lrushton@rushtonlaw.com